871 F.2d 155
 276 U.S.App.D.C. 358
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
CITY OF FARMINGTON, NEW MEXICO, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Amoco Gas Company, Intervenor.
 No. 88-1447.
 United States Court of Appeals, District of Columbia Circuit.
 March 21, 1989.
 
 Before STEPHEN F. WILLIAMS and D.H. GINSBURG, Circuit Judges, and GEORGE H. REVERCOMB, District Judge.*
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on a petition for review of orders of the Federal Energy Regulatory Commission and was briefed by the parties and argued orally by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review, challenging Commission orders that denied "first sale" treatment to gas sold by intervenor to petitioner during 1982, pursuant to an injunction by the United States District Court for the District of New Mexico, be denied.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 As we noted in our initial decision in this case, the fundamental purpose of the NGPA's "first sale" regime was "to prevent high intrastate prices from luring production away from the then shortage-ridden interstate market." City of Farmington v. FERC, 820 F.2d 1308, 1316 (D.C.Cir.1987). While we concluded that the 1982 sales from Amoco to Farmington came within the statutory definition of a "first sale," we remanded for FERC to determine whether the NGPA's anti-luring policy justifies the application of "first sale" price ceilings when "the sales in question arose not from the operation of market forces at all but through the edict of a federal district court." Id.
 
 
 5
 On remand, FERC concluded that "this temporary ... sale did not affect nor was it affected by the interplay of market forces between the interstate and intrastate markets." J.A. 89. The transcript of the injunction hearing makes clear that the district court ordered Amoco to undertake sales in 1982 merely in order to forestall injury to Farmington while the City pursued its claim of abandonment before FERC. As the Commission noted, these sales ended with the termination of the injunction, following FERC's rejection of the abandonment claim--a decision that we subsequently affirmed. Farmington, 820 F.2d at 1314. We agree with FERC that the anti-luring policy underlying the NGPA's "first sale" price ceilings is not implicated here, since Amoco did not in any sense choose--much less contract for--more lucrative intrastate sales in preference to interstate transactions.
 
 
 6
 Contrary to Farmington's contentions, the memoranda from Amoco concerning contract negotiations for a resumption of sales for 1982 reflect neither an unconditional willingness to continue sales apart from any injunction nor an effort to "extort" a waiver of Farmington's right to seek "first sale" treatment for any gas to be sold under a new contract. The memoranda show, instead, that Amoco wished to condition any further sales upon settlement of Farmington's claim of overcharges under the previous contract, which expired in 1981. Far from being caught in a "Catch 22" situation, Farmington has--as is its right--preserved its action for pre-1981 overcharges by declining Amoco's offer of a renewed contract while seeking a compelled extension of sales on a theory of illegal abandonment. Having lost on the latter claim, however, Farmington may not now assert an entitlement to the benefits of a renewed contract in the form of the NGPA price ceilings that FERC might have found applicable to such a transaction had it been put before the Commission.
 
 
 7
 For these reasons, we order that the petition for review be denied.
 
 
 
 *
 The Honorable George H. Revercomb of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. Sec. 292(a)